IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROLAND TIREY,<br><br>    Plaintiff,<br><br>vs.<br><br>SAMIEL LEMACH, JOHN WARD, STEVE KREMER, DEPUTY WARDEN MEHELICH, DOC DIRECTOR BATISTA, and DOES 1-10,<br><br>    Defendants. | CV 13-00048-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Plaintiff Roland Tirey has filed a Complaint challenging the denial of his parole and the denial of access to his parole file. (Complaint, Doc. 2). Defendants Lemach and Ward are entitled to immunity, Mr. Tirey's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and Mr. Tirey has failed to state a procedural Due Process claim. The Complaint should be dismissed.

## JURISDICTION

Mr. Tirey filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in

1

and alleges wrongs committed in Powell County and Lewis and Clark County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Tirey is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

Pro se orders must be liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

3

531, 538 (9th Cir. 1989).

**Absolute Immunity of Parole Board Members**

In the Ninth Circuit, "parole board members are entitled to absolute immunity when they perform quasi-judicial functions." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citations and internal quotations omitted). Quasi-judicial functions, which are "functionally comparable to tasks performed by judges," exist where parole board members adjudicate whether "to grant, deny, or revoke parole." *Swift*, 384 F.3d at 1189; *see also Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). This rule ensures that adjudicators are not required to anticipate lawsuits from every dissatisfied parole applicant. *Sellars*, 641 F.2d at 1303.

**Challenge to Denial of Parole**

In *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), the plaintiff alleged in a § 1983 action that defendants violated his due process rights "by considering false information in his prison file to find him ineligible for parole." The Ninth Circuit held that where a challenge to the procedures used in the denial of parole "necessarily implicates the validity of the denial parole and, therefore, the prisoner's continuing confinement[,]" the § 1983 action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Violations of State Law--Procedural Due Process

"Unless there is a breach of constitutional rights, . . . § 1983 does not provide redress in federal court for violations of state law." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (*quoting Schlette v. Burdick*, 633 F.2d 920, 922 n. 3 (9th Cir.1980)). "[N]ot every violation of state law amounts to an infringement of constitutional rights." *Id.*

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law . . . " U.S. Const. amend. XIV, § 1. Courts analyze procedural Due Process claims in two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009)(*quoting Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

"A liberty interest may arise from either of two sources: the due process clause itself or state law." *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986). "[T]o create a liberty interest protected by due process, the state law must contain: (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the

5

substantive predicates are met." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)(internal quotation marks and citations omitted). Where the only "explicitly mandatory language" in a state statute concerns a procedural right, "[t]hat language cannot create a 'liberty interest' within the meaning of the Fourteenth Amendment because 'expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause' of the Fourteenth Amendment." *Carver*, 558 F.3d at 875 (*citing Olim v. Wakinekona*, 461 U.S. 238, 250-51 n. 12 (1983).

The Montana Supreme Court has held that, under Montana's parole statutes, inmates have no right under Due Process clause of the United States Constitution to review the contents of their parole files. *Worden v. Montana Board of Pardons and Parole*, 289 Mont. 459, 962 P.2d 1157, 1166 (Mont. 1998) (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 15 (1979).

**FACTUAL ALLEGATIONS**

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

On April 1, 2013, Mr. Tirey requested a review of his parole file because he was concerned it might contain incorrect information. He was not given the opportunity to review his file. (Statement of Facts, Doc. 2-3 at 1.) On April 26,

6

2013, he appeared before the Montana Parole Board. He was denied parole and is ineligible for parole for another two years. In the bottom left-hand corner of the Board's disposition there is a notation under the word "Dissent" which states: "Program complete w/ exception of SOP III, which will be participating in? Would have paroled to plan." (Parole Case Disposition, Doc. 2-1, p. 1; Statement of Facts, Doc. 2-3 at 1.) Mr. Tirey interprets this note to mean his parole file indicates has not completed "SOP III." Mr. Tirey argues that the statement suggests he may have been granted parole if he had completed "SOP III."

Mr. Tirey argues that SOP III can never be "completed" because it is an aftercare program that lasts the entire period of incarceration; inmates just enroll in the program and check in once a month. Therefore, Mr. Tirey believes his parole file incorrectly states that he has failed to complete SOP III.

On April 28, 2013, Mr. Tirey wrote the Parole Board asking for a rehearing. He got no reply to his request. (Statement of Facts, Doc. 2-3 at 1.) He also started the grievance process and complained to Defendants that he had been denied his right to review and correct his parole file.

## ANALYSIS

Defendants Lemach and Ward are members of the Montana Board of Pardons and Parole. Their decision to deny Mr. Tirey parole is a quasi-judicial

function for which they are entitled to absolute immunity. *Swift*, 384 F.3d at 1189.

In addition, a § 1983 action is not the proper vehicle to challenge the denial of parole. Mr. Tirey's claims are the same as those raised in *Butterfield v. Bail*, 120 F.3d 1023. Like Mr. Butterfield, Mr. Tirey alleges his Due Process rights were violated because the parole board considered false information in his file. The court in *Butterfield* found that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and therefore, the prisoner's continuing confinement." *Id.* at 1024. This is a collateral attack on the denial of parole and subsequent incarceration which *Heck* does not permit. If Mr. Tirey wishes to challenge the denial of his parole, he must exhaust his state court remedies and then file a petition for writ of habeas corpus.

Mr. Tirey's Due Process claim for the alleged denial of an opportunity to inspect his parole file also fails as a matter of law. He has only alleged violations of state law.[1] He argues that the statutes which allegedly entitled to him to review his file contain mandatory language. However, the cited statutes contain no

---

[1] Mr. Tirey alleges Defendants violated Mont. Code Ann. § 2-6-102 which provides, "Every citizen has a right to inspect and take a copy of any public writings of this state" and Mont. Code Ann. § 46-23-110 which provides that, "The department [of corrections] and the [parole] board shall keep a record of the board's acts and decisions. Citizens may inspect and make copies of the public records of the board, as provided in 2-6-102 and this section."

8

substantive predicates which govern official decision making and therefore do not create a property or liberty interest implicating Due Process. *See Bonin*, 59 F.3d at 842. Additionally, under the persuasive authority of *Worden*, 962 P.2d at 1166, Mr. Tirey had no Due Process right under the United States Constitution to review the contents of his parole file.

## CONCLUSION

Defendants Lemach and Ward are entitled to immunity, Mr. Tirey's claims are barred by *Heck*, and since Mr. Tirey has no protected liberty interest in the inspection of his parole file, he cannot establish a Due Process violation. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976). The Complaint does not state a claim on which relief can be granted. These are not defects which could be cured by amendment. The Complaint should be dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

9

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The Complaint is frivolous as it plainly lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**B. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S.

477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A §1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal, et al.*, 1:08 CV 01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. §1915(g).

In addition, Defendants Lemach and Ward are entitled to immunity and Mr. Tirey has failed to state a procedural due process claim. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

**C. Address Changes**

At all times during the pendency of this action, Mr. Tirey SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

    1.  Mr. Tirey's Complaint (Doc. 2) should be dismissed.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

    4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  Mr. Tirey failed to state a claim upon which relief may be granted and his claims are frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Tirey may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of January, 2014.

                                  */s/  Keith Strong*
                                  Keith Strong
                                  United States Magistrate Judge