IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| ROLAND TIREY, | CV 13-48-H-DWM-RKS |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SAMIEL LEMACH, JOHN WARD, STEVE KREMER, DEPUTY WARDEN MEHELICH, DOC DIRECTOR BATISTA, and DOES 1-10, | |
| Defendants. | |

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Keith Strong, (Doc. 6), regarding the civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Roland Tirey, (Doc. 2). Because Tirey is a prisoner, upon filing, this matter was referred to Judge Strong. *See* L.R. 72.2(a). Judge Strong conducted the prescreening required by 28 U.S.C. § 1915A, and filed his proposed Findings and Recommendations regarding the Complaint on January 24, 2014. (Doc. 6 at 13.) Tirey requested, (Doc. 7), and was granted, (Doc. 8), an extended period in which to file his Objections to Judge Strong's Findings and Recommendations.

Tirey timely filed his Objections on March 20, 2014. (*See* Doc. 9.)

The portions of Judge Strong's proposed Findings and Recommendations to which Tirey objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636. When no party objects, the Court reviews the findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

A recitation of the factual allegations raised by Tirey is set forth in Judge Strong's proposed Findings and Recommendations and will not be restated here. (*See* Doc. 6 at 6-7.) This portion of the Magistrate Judge's report is not contested by the arguments raised in Tirey's Objections. It contains no mistake regarding the facts of this case and will be adopted in-full.

Tirey poses no objection to Judge Strong's finding that Defendants Lemach and Ward are entitled to immunity in their capacity as members of the Montana Board of Pardons and Parole. This finding is sound because "parole board

officials . . . are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir. 1981)). Judge Strong's report will be adopted in-full on this point and Tirey's claims against Lemach and Ward will accordingly be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Tirey begins his Objections by insisting that other named Defendants are not entitled to the quasi-judicial immunity that extends to Lemach and Ward. (Doc. 9 at 1). While this matter may or may not be true, it is not of consequence in determining the outcome of this case. Resolving this objection is not necessary to determine whether Tirey's remaining claims against the remaining Defendants have merit. Indeed, after reviewing the proposed Findings and Recommendations and Tirey's Objections, the Court concludes that Plaintiff's claims against the remaining Defendants are subject to dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Tirey poses no objection to Judge Strong's finding that his § 1983 complaint is not the proper vehicle to challenge the denial of parole. Judge Strong found Tirey's challenge to the decision to deny his request for parole is barred by

the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), pursuant to *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997). In *Butterfield*, the Ninth Circuit held that "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore the prisoner's continuing confinement" and is therefore not cognizable under § 1983 pursuant to *Heck*. *Id.* at 1024-25. Tirey's challenge to the Montana Board of Pardons and Parole's decision and the process he has been afforded in their consideration of his parole eligibility is analogous to the challenge rejected in *Butterfield*. Judge Strong's report will be adopted in-full on this point and Tirey's claims challenging the denial of parole will accordingly be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Judge Strong found Tirey's opportunity to review claim legally insufficient because it does not implicate a due process right and is therefore not a state law claim cognizable under 42 U.S.C. § 1983. Judge Strong cited *Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995), and *Worden v. Montana Board of Pardons and Parole*, 962 P.2d 1157 (Mont. 1998), to support his argument. (Doc. 6 at 8-9.) Tirey claims Judge Strong's findings misinterpret and misapply these cases. (Doc. 9 at 2-4.) Regarding inmates' claim that they were denied due process when the Board denied them access to the information contained in their parole files,

*Worden* unequivocally states that "no precedent of the United States Supreme Court or of this Court leads us to conclude that the due process clause of either the U.S. or Montana constitutions require that [i]nmates be allowed to inspect the specific information contained in the Board of Pardons' files." *Worden*, 962 P.2d at 1166. Indeed, the state laws Tirey claims support his due process claims do not contain substantive predicates governing official decisionmaking and therefore do not create a property or liberty interest implicating due process. *See Bonin*, 59 F.3d at 842. On *de novo* review, the Court finds Judge Strong's report contains no error. Tirey's objections on this issue are therefore set aside.

Tirey claims he should be granted an opportunity to amend his Complaint to cure the deficiencies cited by Judge Strong. (Doc. 9 at 4.) Leave to amend is not justified in this case. While "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect[,]" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*), leave to amend need not be granted if amendment would be futile, *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*per curiam*). Here, in light of the procedural bars unquestionably applicable to many of Tirey's claims and the lack of foundation or legal support for the surviving due process claim, amendment would be futile and leave to amend accordingly shall not be granted.

After entering findings that Tirey's claims fail to state any claim upon which relief can be granted, Judge Strong recommend that the Court certify that any appeal would not be taken in good faith and that dismissal of this action constitute a strike pursuant to 28 U.S.C. § 1915(g). Tirey does not contest this portion of Judge Strong's report. Tirey's Complaint lacks arguable substance in law or fact and any appeal of this decision would accordingly not be taken in good faith. Tirey has failed to state a claim upon which relief can be granted. Dismissal of this case will count as a strike under § 1915(g) for the reasons set forth in Judge Strong's report. The strike will become effective following Tirey's waiver or exhaustion of his opportunity to appeal. *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

Tirey's claims for relief are not viable under 42 U.S.C. § 1983. Judge Strong properly concluded that the members of the Board of Pardons and Parole are entitled to immunity, challenges to the denial of parole are barred by the *Heck* doctrine, and Tirey has not stated a viable federal due process claim. Leave to amend is not warranted as no set of facts could revitalize the claims presented in this case.

IT IS ORDERED:

(1) The proposed Findings and Recommendations entered by United

States Magistrate Judge Keith Strong, (Doc. 6), are ADOPTED IN-FULL.

(2) The Complaint brought by Plaintiff Roland Tirey, (Doc. 2), is DISMISSED WITH PREJUDICE.

(3) The Clerk of Court shall enter by separate document a judgment in favor of Defendants and against Plaintiff, pursuant to Federal Rule of Civil Procedure 58, and close this case.

(4) The Clerk of Court shall ensure the docket reflects the Court's certification that any appeal of this decision would not be taken in good faith, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A).

(5) The Clerk of Court shall ensure the docket reflects that, after Tirey has waived or exhausted his opportunity to appeal, this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

DATED this 15th day of April, 2014.

Donald W. Molloy, District Judge
United States District Court